UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ASHUNTE SMITH, | ) | CASE NO. 1:22-CV-1234 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET M. BRENNAN |
| v. | ) | |
| | ) | |
| DAMIAN PADILLA, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Ashunte Smith filed this *in forma pauperis* action against Damian Padilla, S. Mazza, Tonya Bowser, Paul Sackett, and Vencot Brown (Doc. No. 1). Plaintiff, who is currently incarcerated in the Lake Erie Correctional Institution, challenges the result of a disciplinary hearing in which he was found guilty of possessing contraband. He seeks expungement of the disciplinary conviction and monetary damages.

For the following reasons, this case is dismissed pursuant to 28 U.S.C. §1915(e).

## I. Background

On March 29, 2022, the prison conducted targeted searches in multiple housing units in response to inmates found intoxicated or impaired during the prior day. During the search, Unit Manager Padilla found a black Trac cell phone located in Plaintiff's thermal pants. Following a disciplinary hearing, the Rules Infraction Board ("RIB") found Plaintiff guilty of possessing contraband and the Warden affirmed the finding. Plaintiff received fourteen (14) days restrictive

housing.

Plaintiff filed this action to challenge the finding of guilt issued by the Disciplinary Hearing Officer ("DHO"). He contends that when the charging official pat searched him in the officer's station, he did not find anything. But according to Plaintiff, he was then strip searched in the restroom, and staff reached down into a pile of clothes that were already on the restroom floor when he arrived and found a cell phone by some thermal pants. Plaintiff claims that he was falsely accused of possessing the cell phone. He states that no other staff members or inmates were present during the shake down, and he alleges that the prison's administrative rules regarding logging in a contraband control slip were violated. Plaintiff alleges that this disciplinary conviction can impact his parole eligibility release date.

## II. Standard of Review

By separate order, the Court has granted this *pro se* plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2). Accordingly, because Plaintiff is proceeding *in forma pauperis*, his complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2).

Pro se pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which

relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

The Fourteenth Amendment's Due Process Clause protects individuals against the deprivation of life, liberty, or property without due process. U.S. Const. amend. XIV; *Damron v. Harris*, No. 21-3877, 2022 U.S. App. LEXIS 20963, at *6 (6th Cir. July 28, 2022). "[T]hose [individuals] who seek to invoke its procedural protections must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005).

Prisoners have narrower liberty interests than other citizens as "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). The question of what process is due is therefore

answered only if the inmate establishes a deprivation of a constitutionally protected liberty or property interest. *Wilkinson*, 545 U.S. at 221.

The Due Process Clause, standing alone, confers no liberty interest in freedom from state action taken within the sentence imposed. *Sandin*, 515 U.S. at 480. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485. "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson*, 545 U.S. at 221. A prison disciplinary action does not implicate a liberty interest requiring due process safeguards unless the punishment imposed will "inevitably" affect the duration of an inmate's sentence, such as loss of good time credit, or inflict an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 487; *Superintendent, Mass. Corr. Inst., Walpole, v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985).

Here, there is no indication Plaintiff was sanctioned with the loss of good time credits. Plaintiff alleges, rather, that his disciplinary conviction may affect his parole eligibility. An inmate's eligibility for parole at a certain time does not affect the manner in which he is confined and therefore does not implicate a liberty interest. *Michael v. Ghee*, 498 F.3d 372, 378 (6th Cir. 2007) ("[T]he state of Ohio has not created a liberty interest in parole eligibility, as it has a completely discretionary parole system.") ; *Hansen v. Nelson*, No. 3: 17 CV 2085, 2018 U.S. Dist. LEXIS 2359, at *4 (N.D. Ohio Jan. 5, 2018) ( There is no "protected liberty interest in parole, as the decision to grant or deny parole lies wholly within the discretion of the OAPA.").

Plaintiff alleges that he received a sanction of 14 days restrictive housing. Temporary placement in disciplinary confinement is considered "within the range of confinement normally

expected for one serving [a prison sentence]." *Sandin*, 515 U.S. at 487. Absent other allegations, Plaintiff's placement in segregation for 14 days does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Plaintiff has therefore failed to allege a deprivation of an interest requiring due process safeguards.

Moreover, even if Plaintiff had alleged a protected liberty or property interest, Plaintiff has not alleged facts suggesting that the disciplinary hearing he received did not satisfy the requirements of due process. The Court's ability to review prison disciplinary proceedings is limited. District courts have no authority to review a disciplinary committee's resolution of factual disputes or to make a redetermination of an inmate's innocence or guilt. *Hill*, 472 U.S. at 455. The only question for this Court to resolve is whether the hearing complied with the basic requirements needed to satisfy due process.

To comply with the requirements of the Due Process Clause, prison officials need only provide a prisoner facing loss of a constitutionally protected liberty or property interest with: (1) a written notice of the charges at least 24 hours prior to any hearing; (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and, (3) a written statement by the fact-finders as to the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings. *Id.* at 569-70.

Additionally, due process requires only that disciplinary findings resulting in the loss of a constitutionally protected interest be supported by "some evidence" in the record. *Hill*, 472 U.S.

at 454-56. This standard is satisfied when "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* The hearing officer is not required to base findings on overwhelming or irrefutable proof of guilt. Even when the evidence is contradictory or partially exculpatory, a hearing officer may base a finding of guilt on only "some evidence" that indicates the prisoner is guilty. *Id.* at 457.

Here, although Plaintiff arguably attempts to characterize his claim as a denial of due process, he simply attacks the result of the disciplinary hearing, claiming he was "falsely accused." Plaintiff does not complain about the hearing process, nor does he suggest he was denied sufficient notice of the charges. In fact, the record demonstrates Plaintiff waived a 24-hour notice, waived the charging official, and waived witnesses. And the record contains a written statement by the fact finders as to the evidence relied on and the reasons for the disciplinary action. (*See* Doc. No. 1-5). Plaintiff complains, rather, that prison officials failed to properly log a contraband control slip. This allegation concerns prison administrative rules and does not raise due process concerns.

Additionally, there was some evidence in the record to support the finding of guilt. Camera footage demonstrates that Plaintiff was escorted by staff into the bathroom to be strip-searched, and the conduct report indicates that there was a phone found on the accused. The warden notes that Plaintiff did not request the charging official to challenge the information contained in the conduct report, nor did Plaintiff request witnesses in his defense. There was consequently no evidence introduced at the RIB hearing to contradict the conduct report or support Plaintiff's testimony that staff retrieved the phone from a pile of clothes in the bathroom.

Based on the foregoing, there is no suggestion that Plaintiff was denied a hearing that comports with the requirements of due process.

## IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED.**

Date: October 28, 2022

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE